CONFORM

**McGuireWoods LLP**
Matthew C. Kane, Esq.   (SBN 171829)
    Email:    mkane@mcguirewoods.com
Michael D. Mandel, Esq. (SBN 216934)
    Email:    mmandel@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
    Email:    sbeldner@mcguirewoods.com
Christopher A. Killens, Esq. (SBN 254466)
    Email:    ckillens@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:  (310) 315-8200
Facsimile:  (310) 315-8210

Attorneys for Defendant
AT&T MOBILITY SERVICES, LLC (erroneously sued herein as "AT&T MOBILITY SERVICES, INC.")

FILED
CLERK U.S. DISTRICT COURT
JUL 1 2 2012
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW J. PRIZLER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY SERVICES, INC., and DOES 1 - 50, inclusive,<br><br>    Defendants. | CASE NO. SV12- 06016 SVW (PZx)<br><br>[Los Angeles County Superior Court, Case No. BC 485863]<br><br>**DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**DECLARATION OF NANCY KEYTON IN SUPPORT THEREOF**<br>*[Filed Under Separate Cover]*<br><br>Complaint Filed:    06/01/2012<br>Complaint Served:  06/12/2012 |

40426221.2

**DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant AT&T MOBILITY SERVICES, LLC (erroneously sued herein as "AT&T MOBILITY SERVICES, INC.") ("Defendant" or "AT&T") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles (the "State Court") to this United States District Court for the Central District of California, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332, 1441(b) and 1446, and all other applicable bases for removal.  This Notice is based upon the Court's original jurisdiction and all other applicable bases for jurisdiction.  In support of its Notice of Removal, Defendant avers as follows:

## STATE COURT ACTION

1.      On or about June 1, 2012, a lawsuit was commenced against AT&T in the State Court entitled *Andrew J. Prizler, individually and on behalf of all others similarly situated v. AT&T Mobility Services, Inc., and DOES 1 through 50, inclusive*, Case No. BC 485863 (the "State Court Action"), by the filing of a Complaint therein (the "Complaint"), a true and correct copy of which is attached hereto as Exhibit A.

2.      On or about June 12, 2012, AT&T's registered agent for service of process was served with the following documents from the State Court Action, a true and correct copy of each of which is attached hereto as the Exhibits identified below:

|        | Exhibit A: | Complaint |
|--------|------------|-----------|
|        | Exhibit B: | Summons |
|        | Exhibit C: | Amendment to Complaint |
|        | Exhibit D: | Civil Case Cover Sheet |
|        | Exhibit E: | Civil Case Cover Sheet Addendum and Statement of |

Location

Exhibit F:    Notice of Case Assignment – Class Action Cases

3.     On or about June 19, 2012, AT&T's registered agent for service of process was served with the following document from the State Court Action:

Exhibit G:    Notice of Status Conference and Order

4.     On or about July 2, 2012, AT&T's registered agent for service of process was served with the following document from the State Court Action:

Exhibit H:    Plaintiff's Case Management Statement

5.     On or about July 6, 2012, AT&T filed a Motion Exercising Peremptory Challenge To Assigned Judge in the State Court Action, a true and correct copy of which is attached hereto as Exhibit I.

6.     On or about July 9, 2012, an Order Re: Reassignment of Case was issued in the State Court Action, a true and correct copy of which is attached hereto as Exhibit J.

7.     AT&T is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings and orders on file in the State Court Action.

8.     AT&T is informed and believes that there has been no service of process upon Defendants Does 1 through 50, which are fictitious defendants and are therefore disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). As such, AT&T is the only defendant needed to consent to this removal.

## REMOVAL JURISDICTION

9.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1441(b) and 1446, and all other applicable bases for removal.

10.     As required by 28 U.S.C. § 1441, AT&T removes this case to the United States District Court for the Central District of California, the District Court embracing the place where the State Court Action has been filed.

11.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b),

1  which provides that such a Notice "shall be filed within thirty days after the receipt

2  by the defendant, through service or otherwise, of a copy of the initial pleading

3  setting forth the claim upon which such action or proceeding is based." AT&T has

4  filed this Notice of Removal within thirty days of June 12, 2012, the date it was

5  served with and received the Summons and Complaint in this action.

6       12.    In accordance with 28 U.S.C. § 1446(d), AT&T is providing

7  contemporaneous written notice of this Notice of Removal to all adverse parties and

8  to the Clerk of the State Court.

9       **CLASS ACTION FAIRNESS ACT JURISDICTION**

10       13.    Removal to this Court is proper under the Class Action Fairness Act of

11  2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332 and 1441. Under CAFA, this Court

12  has jurisdiction over class actions where any member of the class is a citizen of a

13  State different from defendant, and where the aggregate amount in controversy

14  exceeds the sum of $5,000,000.00, exclusive of interest and costs, and the number of

15  members of all proposed plaintiff classes in the aggregate is at least 100 class

16  members. 28 U.S.C. § 1332(d)(2)-(6). CAFA authorizes removal of such actions

17  under 28 U.S.C. § 1446.

18       14.    Plaintiff purports to bring this action pursuant to California Code of

19  Civil Procedure § 382 as a class action, and seeks class certification on behalf of a

20  class of "[a]ll non-exempt individuals employed by AT&T in its retail stores in the

21  State of California who were paid wage compensation from AT&T that included

22  commission pay at any time within the four years preceding the filing of this action

23  and continuing while this action is pending" (the "Proposed Class"). See Exh. A

24  (Complaint) ¶ 30. The non-exempt, commissioned employees working at AT&T's

25  retail stores who are in the Proposed Class are current and former AT&T employees

26  in two job classifications: (1) Retail Sales Consultants ("RSCs"), and (2) Assistant

27  Sales Managers ("ASMs"). *See* Declaration of Nancy Keyton ("Keyton Decl."), ¶ 4.

28  ///

**Citizenship of Parties**

15.     AT&T is informed and believes that Plaintiff is a resident and citizen of the State of California.  *See* Exh. A (Complaint) ¶¶ 1, 5.

16.     As shown on the California Secretary of State's Business Entity Search website, AT&T is a Delaware limited liability company with its corporate headquarters and principal place of business in Atlanta, Georgia:



*See* URL at http://kepler.sos.ca.gov/cbs.aspx.  At its corporate headquarters, AT&T's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. *See* URL at http://kepler.sos.ca.gov/cbs.aspx.  Thus, AT&T was not and is not a

40426221.2

4

1  citizen of the State of California but, rather, was and is a citizen of the State of

2  Georgia for the purpose of determining jurisdiction. *See Hertz Corp. v. Friend*, 130

3  S.Ct. 1181, 1192 (2010) (for the purposes of removal, the "nerve center" test

4  applies, whereby an entity is deemed to be a citizen of the State where its officers

5  direct, control, and coordinate its activities). Plaintiff purports to be a member of

6  the putative class he seeks to represent and is a citizen of a state different from

7  Delaware and Georgia.

## Aggregate Membership

9      17.    According to Plaintiff's Complaint, the Proposed Class he purports to

10  represent "is estimated to be greater than two-hundred (200) individuals." *See* Exh.

11  A, ¶ 33. However, at least 6,493 people worked for AT&T in the Proposed Class

12  between January 1, 2009 to June 30, 2012. *See* Keyton Decl., ¶ 7.a. Therefore, the

13  aggregate membership of the Proposed Class is at least 100 as required under

14  CAFA.

## Amount in Controversy

16      18.    The Complaint asserts, without any factual support, that "Plaintiff is

17  informed and believes … that the total amount recoverable in this lawsuit does not

18  exceed $5,000,000.00." *See* Exh. A (Complaint), ¶ 29. While Plaintiff alleges that

19  he is "informed and believes" that the total amount recoverable does not exceed

20  $5,000,000, Plaintiff does not in any way limit the amount he seeks on behalf of

21  himself and the putative class he seeks to represent. Indeed, Plaintiff's Prayer for

22  Relief is ***unqualified*** and seeks an award of "all" alleged unpaid minimum wages

23  and liquidated damages pursuant to Cal. Labor Code § 1194.2, and damages,

24  penalties, and other statutory and equitable relief, including, *inter alia*, statutory

25  penalties pursuant to Cal. Labor Code §§ 203 and 226, civil penalties pursuant to the

26  California Labor Code Private Attorney General Act, Cal. Labor Code § 2699, *et.*

27  *seq.* ("PAGA"), for "each labor code violation" alleged in the Complaint, statutory

28  attorneys' fees, injunctive relief and restitution. *See* Exh. A, Prayer. Accordingly,

1  from the face of the complaint, the total amount in controversy is, at best, unclear or
2  ambiguous.

3       19.    If the amount in controversy is unclear or ambiguous from the face of
4  the complaint, a removing defendant must only satisfy "preponderance of the
5  evidence standard," *i.e.*, that "it is more likely than not" that the amount in
6  controversy is satisfied. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699
7  (9th Cir. 2007); *Ray v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 53155, *11-
8  13 (C.D. Cal. May 9, 2011) (applying preponderance of the evidence standard where
9  prayer failed to state the total amount in controversy "for all claims alleged and all
10  remedies sought"); *Trahan v. U.S. Bank Nat'l Assoc.*, 2009 U.S. Dist. LEXIS
11  119310, *8-9 (N.D. Cal. Nov. 30, 2009) (same).

12       20.    AT&T's establishment of the amount-in-controversy, as set forth
13  below, is based on an assumption *for purposes of removal only* that the allegations
14  of Plaintiff's Complaint regarding his theories of liability are true but *without any*
15  *type of express or implied admission that any such liability in fact exists.*

16       21.    Under CAFA, the claims of the individual members in a class action
17  are aggregated to determine if the amount in controversy exceeds the sum or value
18  of $5 million. *See* 28 U.S.C. § 1332(d)(6).  In addition, Congress intended for
19  federal jurisdiction to be appropriate under CAFA "if the value of the matter in
20  litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the
21  viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*,
22  damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee
23  Report, S. Rep. 109-14, at 42.  Moreover, the Senate Judiciary Committee's Report
24  on the final version of CAFA makes clear that any doubts regarding the
25  maintenance of interstate class actions in state or federal court should be resolved in
26  favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is
27  uncertain about whether 'all matters in controversy' in a purported class action 'do
28  not in the aggregate exceed the sum or value of $5,000,000, the court should err in

favor of exercising jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

22.     Plaintiff's Complaint alleges that AT&T engaged in a "*uniform policy and systematic scheme* of wage abuse" against the Proposed Class by allegedly violating the minimum wage and overtime requirements of California law. *See* Exh. A (Complaint) at ¶ 15 (emph. added). Plaintiff further alleges that AT&T's purported wage payment violations occurred "[a]t *all material times*," that Plaintiff and the Proposed Class "*regularly and/or consistently* worked" daily and weekly overtime, that "[d]uring the *relevant time period*, AT&T ... *failed to pay the minimum statutory overtime wages* owed to Plaintiff and the [Proposed Class]," and that AT&T "*regularly failed to pay minimum wage* to Plaintiff and the [Proposed Class]." *Id.* at ¶¶ 20, 22, 43, 44, 46 (emph. added). Based on these alleged violations, Plaintiff seeks to recover, *inter alia*, alleged unpaid minimum wages and overtime compensation, liquidated damages and statutory penalties for alleged minimum wage violations pursuant to Cal. Labor Code §§ 1194.2 and 1197.1, and statutory attorneys' fees. *Id.* at ¶¶ 47-50. Plaintiff also seeks wage statement penalties pursuant to Cal. Labor Code § 226(e) based on the purported minimum wage and overtime violations, claiming that "[d]uring the *class period*," AT&T "*regularly and consistently* failed to provide complete or accurate wage statements to Plaintiff and the [Proposed Class]." *Id.* at ¶¶ 23, 54, 56. Plaintiff further seeks waiting time penalties pursuant for alleged final pay violations on behalf of himself and other terminated members of the Proposed Class pursuant to Cal. Labor Code § 203. *Id.* at ¶¶ 57-61. Additionally, Plaintiff alleges that this purported unlawful conduct by AT&T amounts to a violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.* (the "UCL"), and he prays for PAGA civil penalties for "each" purported California Labor Code

**DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

1    violation allegedly committed by AT&T against Plaintiff and other "aggrieved

2    employees." *Id.* at ¶¶ 62-66, Prayer, ¶ 11 (emph. in orig.).   While AT&T denies

3    any liability as to Plaintiff's claims, based on the allegations, claims, and prayer for

4    relief set forth in the Complaint, the amount in controversy in this action, exclusive

5    of interest and costs, exceeds the sum of $5,000,000.

6        23.    For purposes of this Notice of Removal, Defendant's payroll and

7    employment data for the Putative Class  (the "Class Data") were used to determine

8    the CAFA amount-in-controversy, and that Class Data can be summarized as

9    follows:

11       a.      In the three and one-half year period from January 1, 2009 to
12                   June 30, 2012, at least **6,493** people worked as an RSC, ASM, or
13                   both.

15       b.      **2,250** employees in the Proposed Class left AT&T's employment
16                   between June 1, 2009 and April 30, 2012.

18       c.      The average base hourly rate of pay at termination for the **2,250**
19                   members of the Proposed Class who left AT&T's employment
20                   between June 1, 2009 and April 30, 2012 was **$14.82 per hour.**

22       d.      There have been at least **4,259** employees in the Proposed Class
23                   during the one-year period preceding the filing of the Complaint
24                   in this action (June 1, 2011 to June 1, 2012):

26       e.      In the one-year period preceding the filing of this action (June 1,
27                   2011 to June 1, 2012), **807** employees in the Proposed Class left
28                   AT&T's employment.

**DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

1    *See* Keyton Decl., ¶¶ 4, 7.

2        24.   **First Cause of Action.**  Plaintiff's purported First Cause of Action in

3 the Complaint alleges that "[d]uring the relevant time period," AT&T "regularly"

4 and "[a]t all relevant times" failed to pay Plaintiff and the Proposed Class the

5 minimum wage and all overtime compensation due and owing.  *See* Exh. A, ¶¶ 9,

6 20, 43, 44, 46.  Plaintiff seeks to recover all unpaid minimum wages and overtime

7 compensation, "liquidated damages in an amount equal to the wages unlawfully

8 unpaid," and statutory penalties pursuant to Cal. Lab. Code § 1197.1 in the amount

9 of "$100.00 for the initial failure to timely pay each employee minimum wages, and

10 $250.00 for each subsequent failure to pay each employee minimum wages." *Id.* at

11 ¶¶ 47-50.  Because Plaintiff also seeks to recover these sums as "restitution"

12 pursuant to his UCL action, Plaintiff's minimum wage and overtime claim is subject

13 to a four-year statute of limitations. *Id.* at ¶¶ 63, 66.  Plaintiff's request for statutory

14 penalties pursuant to Cal. Lab. Code § 1197.1, however, is subject to a one-year

15 statute of limitations.  Based on Plaintiff's claim that these minimum wage

16 violations were the result of a "***uniform policy*** and ***systematic scheme***" and that

17 "AT&T ***regularly*** failed to pay minimum wage to Plaintiff and the [Proposed

18 Class]" (*see* Exh. A at ¶¶ 15, 46, emph. added), AT&T conservatively interprets

19 Plaintiff's request for statutory penalties as seeking, at a minimum, ***one*** initial

20 statutory penalty of $100 for an "initial" minimum wage violation pursuant to Cal.

21 Labor Code § 1197.1 for each member of the Proposed Class employed by AT&T

22 within the one-year limitations period.  Accordingly, the ***minimum*** amount-in-

23 controversy pursuant to Cal. Labor Code § 1197.1 is calculated to be at least

24 **$425,900** ($100 x 4,259 Proposed Class Members).

25        25.   **Second Cause of Action.**  Plaintiff's purported Second Cause of

26 Action alleges that, "[d]uring the class period" and "[a]t all material times set forth

27 herein," AT&T "***regularly and consistently***" failed to provide Plaintiff and the

28 Proposed Class with "timely and accurate wage and hour statements showing gross

**DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that individual, and all applicable hourly rates in effect during each pay period with the corresponding number of hours worked at each hourly rate." *Id.* at ¶¶ 23, 54 (emph. added).  On that basis, Plaintiff seeks to recover statutory penalties for the Proposed Class pursuant to Cal. Labor Code § 226(e) in an amount equal to $50 per employee for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent period, not to exceed $4,000 per employee. *Id.* at ¶ 53.  This claim is subject to a one-year statute of limitations.  Although Plaintiff's allegations that wage statements were "regularly and/or consistently" inaccurate would support a maximum violation rate for Plaintiff and the Proposed Class, AT&T conservatively interprets Plaintiff's request for Cal. Labor Code § 226(e) statutory penalties as seeking only *one* $50 penalty for the "initial pay period" in which the Proposed Class allegedly received inaccurate wage statements during the one-year limitations period.  Accordingly, the *minimum* amount-in-controversy on Plaintiff's statutory penalties claim pursuant to Cal. Labor Code § 226(e) is calculated to be at least **$212,950** ($50 x 4,259 Proposed Class Members).

26.   **Third Cause of Action.**  Plaintiff's purported Third Cause of Action alleges that "[a]t all material times set forth herein," AT&T failed to pay Plaintiff and the terminated members of the Proposed Class "all of their unpaid wages" owed to them upon discharge or termination, and still has not paid such unpaid wages as of the filing of the Complaint. *Id.* at ¶¶ 21, 58-59.  On that basis, Plaintiff seeks waiting time penalties pursuant to Cal. Labor Code § 203 in the amount of up to 30 days' wages for himself and other former employees in the Proposed Class. *Id.* at ¶ 60.  This claim is subject to a three-year statute of limitations.  As set forth above, 2,250 individuals in the Proposed Class left AT&T's employment between June 1, 2009 and April 30, 2012 (a *shorter period* than the applicable three-year limitations period), and the average base hourly rate of pay for those terminating employees

1  was $14.82 per hour.  *See* Keyton Decl., ¶¶ 7.b, 7.c.  Each of these 2,250

2  individuals terminated his or her employment with AT&T more than 30 days prior

3  to the filing of this Notice of Removal.  As such, the ***minimum*** amount in

4  controversy on Plaintiff's Third Cause of Action for statutory waiting time penalties

5  as to the Proposed Class is **$8,002,800.00** (2,250 individuals x [$14.82 per hour x 8

6  hours per day x 30 days]), which, by itself, far exceeds the $5,000,000 jurisdictional

7  minimum under CAFA.

8       27.  **Attorneys' Fees.**  Although the conservative amounts in controversy

9  described above far exceed CAFA's jurisdictional minimum, Plaintiff also seeks an

10  award of statutory attorneys' fees.  *See* Exh. A at ¶¶ 50, 56, 61, and Prayer, ¶ 7.  In

11  the Ninth Circuit, when attorneys' fees are authorized by statute, they are

12  appropriately part of the calculation of the "amount in controversy" for purposes of

13  removal.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Johnson v.*

14  *America Online, Inc.*, 280 F.Supp.2d 1018 (N.D. Cal. 2003).  The Ninth Circuit

15  uses a benchmark rate of 25% of the potential damage award as an estimate for

16  attorneys' fees.  Applying this benchmark to the amount-in-controversy on

17  Plaintiff's First, Second, and Third Causes of Action, the total amount of statutory

18  attorneys' fees in controversy is no less than **$2,160,412.50** [25% x ($425,900 +

19  $212,950 + $8,002,800.00)].

20       28.  Based on the foregoing calculations, the total ***minimum*** amount-in-

21  controversy in this action for CAFA removal jurisdiction purposes is not less than

22  **$10,802,062.00** [$8,641,650 in statutory "initial" minimum wage penalties, "initial"

23  pay period" inaccurate wage statement penalties, and waiting time penalties +

24  $2,160,412.50 for potential statutory attorneys' fees].

25       29.  AT&T's CAFA amount-in-controversy calculation for purposes of this

26  Notice of Removal establishes the $5 million jurisdictional minimum is met under

27  any standard, since it does not account for the following sums sought by Plaintiff

28  and the Proposed Class, each of which is also properly considered part of the

11

amount-in-controversy for purposes of removal:

➢ Alleged *unpaid minimum wage compensation* to Plaintiff and the Proposed Class (four-year limitations period)

➢ Alleged *unpaid overtime wage compensation* to Plaintiff and the Proposed Class (four-year limitations period)

➢ *Liquidated damages* pursuant to Cal. Labor Code § 1194.2 in an amount *equal to the unpaid wages allegedly owed* to Plaintiff and the Proposed Class

➢ Cal. Labor Code § 1197.1 *statutory penalties for "subsequent" minimum wage violations* on behalf of Plaintiff and the Proposed Class (one-year limitations period)

➢ Cal. Labor Code § 226(e) *statutory penalties for inaccurate wage statements for each "subsequent pay period"* to Plaintiff and the Proposed Class (one-year limitations period)

➢ PAGA civil penalties for "each labor code violation alleged" (*see* Exh. A, Prayer at ¶ 11 [emph. in orig.]) on behalf of Plaintiff and the other "aggrieved employees" in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation,

30.    In sum, because there exists diversity of citizenship between Plaintiff and AT&T and Plaintiff seek statutory penalties and attorneys' fees (and other uncalculated relief) that far exceeds the $5 million jurisdictional threshold, AT&T may properly remove this action pursuant to 28 U.S.C. §§ 1332(d) and 1441(b).

## **TRADITIONAL DIVERSITY JURISDICTION**

31.    This court has subject-matter jurisdiction over this matter on the separate and independent basis of traditional diversity pursuant to 28 U.S.C. § 1332, because: (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) the aggregate amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

### **Citizenship of Parties**

32.    As set forth in Paragraph 15, above, Plaintiff is a citizen of the State of California.  As set forth in Paragraph 16, above, Defendant is a citizen of the State of Delaware and/or the State of Georgia.  Therefore, the minimal diversity of

1  citizenship required is satisfied here.

2  **Amount-In-Controversy**

3      33.    Plaintiff's Complaint alleges, without any factual support, that "the

4  claims of individual class members, including Plaintiff, are under the $75,000

5  jurisdictional threshold for federal court." *See* Exh. A (Complaint), ¶ 29.  Plaintiff's

6  Prayer for Relief does not contain any similar limitation regarding the purported

7  amount-in-controversy.

8      34.    Where a party is pursuing PAGA penalties on behalf of all "aggrieved

9  employees," the PAGA penalties sought on behalf of all "aggrieved employees" are

10  considered to be a "common and undivided" claim which is aggregated for purposes

11  of determining whether the jurisdictional amount is satisfied.  *See Urbino v. Orkin*

12  *Svces. of Calif., Inc.*, 2011 U.S. Dist. LEXIS 114746, *24-26 (C.D. Cal. Oct. 5,

13  2011) (Carney, J.) ("[The amount at stake in a PAGA claim is predicated on the

14  *total amount of the penalties* that can be sought by the aggrieved employees"); *see*

15  *also Thomas v. Aetna Health of Calif., Inc.*, 2011 U.S. Dist. LEXIS 59377, *57-58

16  (E.D. Cal. Jun. 2, 2011) (same).

17      35.    **PAGA Penalties.**  Plaintiff's Complaint purports to seek, *inter alia*,

18  PAGA civil penalties on behalf of himself and other allegedly "aggrieved

19  employees" in the Proposed Class in connection with "each labor code violation

20  alleged" in the Complaint.  *See* Exh. A (Complaint), Prayer For Relief at ¶ 11

21  (emph. in orig.).  Plaintiff's First Cause of Action alleges purported minimum wage

22  and overtime violations pursuant to Cal. Labor Code §§ 510, 1194, 1197, and

23  1197.1.  *Id.* at ¶¶ 40-50.  Plaintiff's Second Cause of Action alleges wage statement

24  violations pursuant to Cal. Labor Code § 226(a), and Plaintiff's Third Cause of

25  Action alleges final pay violations pursuant to Cal. Labor Code §§ 201 (payment of

26  final wages upon discharge/layoff) and 202 (payment of final wages upon

27  resignation).  *Id.* at ¶¶ 23, 51-56, 57-61.  The statute of limitations on PAGA civil

28  penalties is one year.  *See* Cal. Code Civ. P. § 340; *Thomas v. Home Depot USA*

*Inc.*, 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007). The Complaint prays for PAGA penalties for "each" of the *seven* California Labor Code sections allegedly violated by AT&T, as identified above, and which in the amount of $100.00 per "aggrieved employee" per pay period for each initial violation, and $200.00 per "aggrieved employee" per pay period for each subsequent violation. *See* Exh. A, Prayer, ¶ 11 (emph. in orig.); Cal. Labor Code § 2699(f)2). For purposes of determining the amount-in-controversy on Plaintiff's PAGA penalties claim, however, AT&T conservatively interprets Plaintiff's PAGA prayer as seeking only *one* "initial violation" PAGA civil penalty on behalf of the allegedly "aggrieved employees" on each of Plaintiff's *First, Second and Third Causes of Action*, as opposed to seeking PAGA civil penalties for each of the *seven California Labor Code violations* alleged in the Complaint.

36.     During the one-year limitations period prior to the filing of the Complaint (*i.e.*, June 1, 2011 to June 1, 2012) that applies to PAGA penalty claims, AT&T employed  4,259 employees in the Proposed Class. *See* Keyton Decl., ¶ 7.d. During that same one-year limitations period, 807 employees in the Proposed Class left AT&T's employment. *Id.* at ¶ 7.e. Thus, the amount-in-controversy on Plaintiff's First, Second and Third Causes of Action for PAGA civil penalties on behalf of "aggrieved employees," exclusive of statutory attorneys' fees, is calculated as follows:

(a)     **First Cause of Action.** $100 (initial pay period violation for alleged minimum wage/overtime violations) x 4,259 "aggrieved employees" = **$425,900.**

(b)     **Second Cause of Action.** $100 (initial pay period violation for alleged inaccurate wage statements) x 4,259 "aggrieved employees" = **$425,900.**

(c)     **Third Cause of Action.** $100 (initial pay period violation for alleged final wage violations) x 807 *former* "aggrieved employees" = **$80,700.**

**DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Thus, the ***minimum*** amount-in-controversy on Plaintiff's PAGA penalty claims for an "initial pay period" violation is **$932,500.00** ($425,900 + $425,900 +$80,700).

37.     Accordingly, the common and undivided PAGA penalties claims alleged in Plaintiff's Complaint as to his first three causes of action demonstrates that the aggregate amount in controversy in this action is sufficiently in excess of the $75,000 jurisdictional minimum necessary to establish diversity jurisdiction.

## FEDERAL QUESTION JURISDICTION

38.     This Court also has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States.

39.     A cause of action under federal law exists for purposes of original jurisdiction and removal if the plaintiff's "well-pleaded complaint" presents a federal issue. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983).  Even where a plaintiff alleges only state law claims, a federal question exists, and removal is proper, where the defendant raises a preemption defense based on a federal statute that is so "complete" as to provide the only available remedy.  In such cases, "complete preemption" overrides the "well-pleaded complaint rule" and the state law claims are treated as claims "arising under" federal law for jurisdictional purposes. *Holman v. Laulo–Rowe Agency*, 994 F. 2d 666, 668 (9th Cir. 1993); *Fleet Bank, Nat'l Ass'n v. Burke*, 160 F. 3d 883, 886 (2nd Cir. 1998).

40.     Plaintiff's Complaint involves a federal question because it involves claims and/or issues that arise under, are intertwined with, derive in whole or in part from, and/or require application and/or interpretation of the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq*.

41.     At all times relevant herein, AT&T has been and is now a limited liability company engaging in commerce and in an industry affecting commerce

40426221.2

15

1  within the meaning of Sections 2(2), (6), (7) and 301(a) of the LMRA. *See* 29

2  U.S.C. §§ 152(2), (6), (7) and 185(a).

3       42.    Plaintiff is a former RSC who was represented by a labor organization

4  known as the Communication Workers of America (the "Union") during his

5  employment with AT&T. *See* Keyton Decl., ¶¶ 8-9. At all times since at least

6  2005, the Union and AT&T have been parties to a written collective-bargaining

7  agreement ("CBA") that sets forth the collectively-bargained terms and conditions

8  governing the employment of Plaintiff and other individuals employed by AT&T in

9  the RSC position as part of the appropriate bargaining unit. *Id.* at ¶¶ 9-10. The

10  current CBA contains provisions regarding dispute resolution for employee

11  grievances regarding terms and conditions of employment set forth in the CBA,

12  which include wages. *See* Keyton Decl., Exh. 1, at Articles 7-9, 12, Appendix A.

13      43.    Plaintiff's First Cause of Action alleges that AT&T violated the

14  California Labor Code and the California Industrial Welfare Commission ("IWC")

15  Wage Order 7-2001 (the "Wage Order") with respect to him and the Proposed Class

16  by allegedly failing to pay minimum wage for all hours worked and failing to

17  correctly calculate premium pay. *See* Exh. A, ¶¶ 6, 30, 37, 40-50. As a result, the

18  Complaint also alleges that AT&T failed to provide timely and accurate wage

19  statements and failed to timely pay all final wages due at termination, and that the

20  alleged California Labor Code violations constitute "unfair business practices" *Id.*

21  at ¶¶ 51-66. While Plaintiff purports to assert these claims under California law

22  without reference to the CBA, the underlying minimum wage and overtime claims

23  alleged in the Complaint filed by Plaintiff cannot be adjudicated without interpreting

24  and/or applying the terms of the CBA and are therefore completely preempted by

25  the LMRA.

26      44.    By his State Court Action, Plaintiff is effectively seeking to litigate the

27  terms and conditions of employment relating to wages, the resolution of which will

28  necessarily require an interpretation and/or application of the CBA.

40426221.2
16

**DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

45.     Therefore, the determination of AT&T's alleged liability in this action will necessarily require an interpretation and/or application of the terms and provisions of the CBA, and Plaintiffs' Complaint falls within the preemptive scope of Section 301 of the LMRA, which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185. *See also Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1149-50 (9th Cir. 1988); *Scott v. Machinists Automotive Trades Dist.*, 827 F.2d 589, 594 (9th Cir. 1987).

46.     The United States District Court for the Central District of California has original jurisdiction over the claims alleged in the State Court Action because, under the "artful pleading" doctrine, the Complaint must be recharacterized as one arising under the CBA. *See Stallco v. Kaiser Found. Hos.*, 820 F.2d 1044, 1048-49 (9th Cir. 1987); *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472-74 (9th Cir. 1984).  Because resolution of the Complaint depends upon the interpretation of a written collective bargaining agreement, it is necessarily preempted by Section 301 of the LMRA.  *See* 29 U.S.C. § 185; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985).  Plaintiff's failure to expressly allege a breach of the CBA in the Complaint does not prevent removal of the State Court Action.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1990).

47.     Because an action under Section 301 of the LMRA is a suit involving claims arising under the laws of the United States, it may be removed to this Court under the provisions 28 U.S.C. §§ 1441(b) and 1446, without regard to the amount in controversy or the parties' citizenship or domicile.  Accordingly, because Plaintiffs' state law claims based on alleged violations of the California Labor Code and the IWC's Wage Order regarding wages are completely preempted by the LMRA, removal is proper on the basis of federal question jurisdiction. 28 U.S.C. §§

**DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

1331, 1441.

## Supplemental Jurisdiction

48.     The remaining Second, Third and Fourth Causes of Action are derivative claims for alleged violations of the California Labor Code and the UCL that are derived from Plaintiff's allegations of minimum wage and overtime violations. *See* Exh. A, ¶¶ 51-66. For this reason, and to the extent these purported claims involve associated and related state law causes of action, this Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

49.     Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

50.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by AT&T of any fact, of the validity or merits of any of Plaintiffs' claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of AT&T's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Further, AT&T expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

///
///
///
///
///
///
///
///

**DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

1       WHEREFORE, AT&T respectfully requests that the above-captioned action

2  now pending in the State Court be removed to this United States District Court.

3

4  DATED: July 12, 2012                    McGuireWoods LLP

5

6                                    By: _____

7                                         Matthew C. Kane, Esq.
                                          Michael D. Mandel, Esq.
8                                         Sabrina A. Beldner, Esq.
                                          Christopher A. Killens, Esq.
9

10                                        Attorneys for Defendant
                                          AT&T MOBILITY SERVICES, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

40426221.2

DEFENDANT AT&T MOBILITY SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM
STATE COURT

**EXHIBIT A**

EXHIBIT A

MATTHEW RIGHETTI    {121012}
JOHN GLUGOSKI       {191551}
MICHAEL RIGHETTI    {258541}
RIGHETTI · GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:   (415) 983-0900
Facsimile:   (415) 397-9005

Attorneys for Plaintiffs
ANDREW J. PRIZLER, et al.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 01 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BC485863

ANDREW J. PRIZLER, individually and on
behalf of all others similarly situated,

            Plaintiffs,

    vs.

AT&T MOBILITY SERVICES, INC., and
DOES 1-50, inclusive,

            Defendants.

CASE NO.

CLASS ACTION

CLASS ACTION COMPLAINT FOR:

1) Violation of Minimum Wage Laws;
2) Violation of Labor Code 226;
3) Violation of Labor Code 201-203;
4) Violation of California Business; and
5) Professions Code Section 17200, et seq

CLASS ACTION COMPLAINT

EXHIBIT A

EXHIBIT A

## I.  INTRODUCTION

This is an action brought by Plaintiff ANDREW J. PRIZLER ("Plaintiff") against AT&T MOBILITY SERVICES, INC. and DOES 1-50, inclusive ("Defendants" or "AT&T") alleging unfair business practices and violations of the California Labor Code.  Plaintiff brings this action as a class action on behalf of himself and others similarly situated, who have been economically harmed by Defendants' unfair and unlawful business practices.

## II.  PARTIES

1.      Plaintiff is an adult who was employed in the County of Los Angeles, California by AT&T within the three years preceding the filing of this action under employee number 00472843. Plaintiff was employed by AT&T as a nonexempt, hourly worker.

2.      AT&T is a corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201.  AT&T is an "employer" as that term is used in the California Labor Code, and the California Industrial Welfare Commission's orders regulating wages, hours, and working conditions.

3.      Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged are proximately caused by such occurrences.

4.      At all relevant times herein, Defendants were the agents of each other and acting within the course and scope of their agency.

5.      Venue is proper based on the location of AT&T retail business establishments – and Plaintiff's work -- in Los Angeles County, which is also the location of the wrongful acts alleged herein.  The relief requested is within the jurisdiction of this Court as all claims arise under California law.

- 1 -

**COMPLAINT**

EXHIBIT A

EXHIBIT A

### III.   FACTUAL ALLEGATIONS

6.     At all times relevant herein, AT&T operated retail stores throughout California and specifically in Los Angeles County.  AT&T's employment of individuals in California is governed by IWC Wage Order 7 applicable to the Mercantile industry.  As part of its business, AT&T employed non-exempt employees to perform work under the management and control of AT&T.

7.     Plaintiff and other members of the proposed class were employed as non-exempt individuals employed by AT&T in its retail stores in California selling goods and services to the general public. Plaintiff and other members of the proposed class were paid wage compensation from AT&T that included commission pay.

8.     During his employment with AT&T, Plaintiff frequently worked more than eight (8) hours each work day and/or forty (40) hours each work week as reflected in his time records.

9.     AT&T had a policy and practice of not paying premium overtime compensation due and owing to Plaintiff and other members of the proposed class, as required by California law, for overtime hours worked.

10.     AT&T, jointly and severally, employed Plaintiff as commission-paid, non-exempt employees, from approximately November 2006 through approximately November 2011, in the State of California.

11.     AT&T had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

12.     AT&T exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

13.     AT&T directly hired and paid wages and benefits to Plaintiff and the other class members.

14.     AT&T continues to employ hourly-paid or non-exempt employees within the State of California.

- 2 -

**COMPLAINT**

EXHIBIT A

EXHIBIT A

15.     Plaintiff is informed and believes, and based thereon alleges, that AT&T engaged in a uniform policy and systematic scheme of wage abuse against the class members.  This scheme involved, *inter alia*, violating the minimum wage requirements of California law that require employers to pay employees premium wages owed for overtime hours worked based on the legally required "regular rate" including any commission wage compensation.  Plaintiff is informed and believes, and based thereon alleges, that AT&T knew or should have known that Plaintiff and the other class members were entitled to receive premium wages for overtime compensation based on a regular rate that includes commission wages and that they were not receiving all minimum wages due and owing under the law for overtime hours worked.

16.     Plaintiff is informed and believes, and based thereon alleges, that AT&T knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages earned, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

17.     Plaintiff is informed and believes, and based thereon alleges, that AT&T knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages, within any time permissible under California Labor Code section 204.

18.     Plaintiff is informed and believes, and based thereon alleges, that AT&T knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from AT&T.

19.     Plaintiff is informed and believes, and based thereon alleges, that AT&T knew or should have known that AT&T had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

- 3 -

**COMPLAINT**

EXHIBIT A

EXHIBIT A

20.     At all material times set forth herein, AT&T failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

21.     At all material times set forth herein, AT&T failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

22.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

23.     At all material times set forth herein, Defendants regularly and consistently failed to provide complete or accurate wage statements to Plaintiff and the other class members.

24.     At all material times set forth herein, Defendants regularly and consistently failed to keep complete or accurate payroll records for Plaintiff and the other class members.

25.     The PAGA permits an "aggrieved employee" to recover penalties on behalf of herself or herself and other current or former employees as a result of the employer's violations of certain sections of the California Labor Code.  Plaintiff is an aggrieved employee, in that, while Plaintiff was employed by AT&T he, and other similarly situated members of the Class, suffered the labor code violations alleged herein giving rise to a violation of the PAGA.

26.     Plaintiff has complied with the PAGA notice provision set forth in Cal. Lab. Code section 2699.3(a)(1).  The Labor and Workforce Development Agency has provided Plaintiff with notice that it does not intend to investigate this violation.  Accordingly, Plaintiff is entitled to commence this action seeking relief under the PAGA.

27.     Plaintiff requests penalties against AT&T as provided under Lab. Code section 2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

28.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

- 4 -

**COMPLAINT**

EXHIBIT A

## IV.   CLASS ACTION ALLEGATIONS

29.   This class action is brought pursuant to the California Code of Civil Procedure section 382.   The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.   Plaintiff is informed and believes and based thereon alleges that the claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold for federal court.   For example, a class member who was or has been employed for a relatively brief period would not likely be expected to receive a recovery of $75,000 or more.   Plaintiff is informed and believes and based thereon alleges that the total amount recoverable in this lawsuit does not exceed $5,000,000.00.   In addition, there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

30.   Plaintiff seeks to represent a class composed of all non-exempt individuals employed by AT&T in its retail stores in the State of California who were paid wage compensation from AT&T that included commission pay at any time within the four years preceding the filing of this action and continuing while this action is pending (the "Class").   Plaintiffs also seek to represent the following sub-class:  All members of the Class whose employment with AT&T ended for waiting time penalties allegedly owed pursuant to Labor Code §203. (The "Penalty Subclass.")

31.   The Class and Penalty Subclass Plaintiffs seeks to represent, as described above, is clearly ascertainable.   Plaintiffs reserve the right under Rule 1855(b) of the California Rules of Court, to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues.

32.   The Class and Penalty Subclass are ascertainable and there is a well-defined community of interest in the litigation:

33.   <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable.   The membership of the entire class is unknown to Plaintiff at this time; however, the

**COMPLAINT**

1  class is estimated to be greater than two-hundred (200) individuals and the identity of such

2  membership is readily ascertainable by inspection of AT&T's employment records.

3      34.  Typicality: Plaintiff's claims are typical of all other class members' as demonstrated

4  herein.  Plaintiff will fairly and adequately protect the interests of the other class members with

5  whom he has a well-defined community of interest.

6      35.  Adequacy: Plaintiff will fairly and adequately protect the interests of each class

7  member, with whom he has a well-defined community of interest and typicality of claims, as

8  demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.

9  Plaintiff's attorneys, the proposed class counsel, are well versed in the rules governing class action

10  discovery, certification, trial, appeal and settlement.  Plaintiff has incurred, and during the pendency

11  of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be

12  necessarily expended for the prosecution of this action for the substantial benefit of each class

13  member.

14      36.  Superiority: A class action is superior to other available methods for the fair and

15  efficient adjudication of this litigation because individual joinder of all class members is impractical.

16  Certification of this lawsuit as a class action will advance multiple public policy objectives.

17  Employers of this great state violate employment and labor laws every day.  Current employees are

18  often afraid to assert their rights out of fear of direct or indirect retaliation.  However, a class action

19  provides the class members who are not named in the complaint anonymity that allows for the

20  vindication of their rights.  Also, because the claims of many class members will be relatively small,

21  a class action provides the only realistic avenue for recovery of the sums owed to the Class as

22  alleged herein.

23      37.  There are common questions of law and fact as to the class members that predominate

24  over damage questions and/or liability issues that may affect only individual members.  The

25  following common questions of law or fact, among others, exist as to the members of the class:

- 6 -

**COMPLAINT**

a.     Whether AT&T's failed to pay premium wages in the correct amount for overtime hours worked, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.     Whether AT&T failed to pay premium wages in the correct amount for overtime hours worked, without abatement or reduction, in accordance with the California Labor Code, was willful;

c.     Whether AT&T's common payroll practice of failing to include commissions in the "regular rate" when calculating premium pay owed to class members for overtime hours worked was in violation of California law;

d.     Whether AT&T failed to pay minimum wages to Plaintiff and the other class members;

e.     Whether AT&T failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

f.     Whether AT&T failed to timely pay all wages due to Plaintiff and the other class members during their employment;

g.     Whether AT&T complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

h.     Whether AT&T kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

i.     Whether AT&T engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.; and

j.     The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law.

38.     The California Labor Code and wage order provisions upon which Plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek

- 7 -

**COMPLAINT**

EXHIBIT A

1  to take advantage of superior economic and bargaining power in setting onerous terms and conditions

2  of employment.  The nature of this action and the format of laws available to Plaintiff and members of

3  the class identified herein make the class action format a particularly efficient and appropriate

4  procedure to redress the wrongs alleged herein.  If each employee were required to file an individual

5  lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would

6  be able to exploit and overwhelm the limited resources of each individual Plaintiff with its vastly

7  superior financial and legal resources.  Requiring each class member to pursue an individual remedy

8  would also discourage the assertion of lawful claims by employees who would be disinclined to file an

9  action against their former employer for real and justifiable fear of retaliation and permanent damage

10  to their careers at subsequent employment.

11

12        39.      The prosecution of separate actions by the individual class members, even if

13  possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to

14  individual class members against the defendants and which would establish potentially incompatible

15  standards of conduct for the defendants, and/or (2) adjudications with respect to individual class

16  members which would, as a practical matter, be dispositive of the interests of the other class

17  members not parties to the adjudications or which would substantially impair or impede the ability

18  of the class members to protect their interests.

19        **V.**    **FIRST CAUSE OF ACTION**

20  **(Failure to Pay Minimum Wage for All Hours Worked –**

21  **California Labor Code §§ 510, 1194, 1197, 1197.1 and Wage Order)**

22        40.    Plaintiff restates and incorporates by reference each and every allegation contained in

23  paragraphs 1 through 39, inclusive, as though fully set forth herein.

24        41.    California Labor Code section 1198 and the applicable Industrial Welfare

25  Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

26  compensating them at a rate of pay that is no less than either time-and-one-half (or two-times under

27  some circumstances) that person's "regular rate" of pay, depending on the number of overtime hours

28  worked by the person on a daily or weekly basis.

- 8 -

COMPLAINT

EXHIBIT A

42.     Specifically, the applicable IWC Wage Order provides that AT&T is and was required to pay Plaintiff and the other class members employed by AT&T, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the premium rate of at least time-and-one-half their "regular rate" of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.  The applicable IWC Wage Order further provides that AT&T is and was required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.  This law is also codified at California Labor Code section 510.

43.     During the relevant time period, Plaintiff and the other class members regularly and/or consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.

44.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.  During the relevant time period, AT&T intentionally and willfully failed to pay the minimum statutory overtime wages owed to Plaintiff and the other class members.

45.     At all relevant times, California Labor Code sections 11194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

46.     During the relevant time period, AT&T regularly failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 11194, 1197, and 1197.1.

47.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages

- 9 -

**COMPLAINT**

1  in an amount equal to the wages unlawfully unpaid and interest thereon.

2      48.   Pursuant to California Labor Code section 1197.1, Plaintiff and the other class

3  members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each

4  employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum

5  wages.

6      49.   Pursuant to California Labor Code section 1194.2, Plaintiff and the other class

7  members are entitled to recover liquidated damages in an amount equal to the wages unlawfully

8  unpaid and interest thereon.

9      50.   Pursuant to California Labor Code section 1194, Plaintiff and the other class

10  members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

11  penalties for each labor code violation and attorneys' fees.

12  **VI.   SECOND CAUSE OF ACTION**

13  **(California Labor Code § 226 - Itemized Wage Statements)**

14      51.   Plaintiff restates and incorporates by reference each and every allegation contained in

15  paragraphs 1 through 50, inclusive, as though fully set forth herein.

16      52.   California Labor Code Section 226(a) sets forth mandatory reporting requirements for

17  employers when they pay wages: "Every employer shall . . . at the time of each payment of wages,

18  furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross

19  wages earned, (2) total hours worked by the employee . . . (5) net wages earned . . . (8) the name and

20  address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the

21  pay period and the corresponding number of hours worked at each hourly rate by the employee."

22  The applicable Industrial Welfare Commission Order 7 (Section 7) also contains requirements for

23  time records and wage statements.

24      53.   California Labor Code Section 226(e) provides: "An employee suffering injury as a

25  result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be

26  entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in

27  which a violation occurs and one hundred dollars ($100) per employee for each violation in a

- 10 -

**COMPLAINT**

1  subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

2  shall be entitled to an award of costs and reasonable attorney's fees."

3      54.     During the class period, AT&T failed to accurately record the start and end times for

4  work performed by the Plaintiff and class members, and failed to provide them with timely and

5  accurate wage and hour statements showing gross wages earned, total hours worked, all deductions

6  made, net wages earned, the name and address of the legal entity employing that individual, and all

7  applicable hourly rates in effect during each pay period with the corresponding number of hours

8  worked at each hourly rate by that individual.

9      55.     As alleged herein, Plaintiff and class members are/were not exempt from the

10 requirements of California's labor laws and regulations.  Plaintiff and class members were and will

11 be injured by AT&T's failure to comply with the aforementioned requirements for time records and

12 wage statements.

13     56.     Based on AT&T's conduct as alleged herein, AT&T is liable to Plaintiff and class

14 members for damages and penalties for each labor code violation, injunctive relief, plus interest,

15 attorneys' fees, expenses, and costs of suit.

16          **VIII.   THIRD CAUSE OF ACTION**

17     **(California Labor Code §§ 201-203 – Waiting Time Penalties)**

18              **[Penalty Subclass Only]**

19     57.     Plaintiff restates and incorporates by reference each and every allegation contained in

20 paragraphs 1 through 56, inclusive, as though fully set forth herein.

21     58.     Labor Code §§ 201 and 202 require an employer to pay its employees all wages due

22 within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to pay

23 such wages, the employer must continue to pay the subject employees' wages until the back wages are

24 paid in full, up to a maximum of 30 days of wages.

25     59.     Plaintiff and class members who ceased employment with AT&T are entitled to all of

26 their unpaid wages, but to date have not received such compensation.

27

28

- 11 -

**COMPLAINT**

EXHIBIT A

60.     As a consequence of AT&T's willful failure to timely compensate its employees for all hours worked, Plaintiff and class members whose employment ended during the class period are entitled to up to 30 days' wages pursuant to Labor Code § 203.

61.     Plaintiff and class members are entitled to an award of attorneys' fees, costs, and expenses incurred in this action.

## IX.     FOURTH CAUSE OF ACTION

**(Unfair Business Practices - California Business & Professions Code § 17200, *et. seq.*)**

62.     Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 61, inclusive, as though fully set forth herein.

63.     Plaintiff is informed and believes that for the last four years, AT&T has violated California's wage laws and regulations as alleged herein, and have induced and directed its officers, managers, supervisors and/or other employees or agents to engage in violations including (1) failing and refusing to pay all required minimum wages owed for overtime hours worked; (2) failing to pay compensation due in a timely manner upon termination, which constitute unfair business practices in violation of California Business & Professions Code Sections 17200, *et seq.*

64.     As a result of AT&T's unfair business practices, AT&T has unlawfully gained an unfair advantage over other businesses.

65.     AT&T has reaped unfair benefits and illegal profits at the expense of Plaintiff and class members as well as members of the public, including but not limited to under-reporting to federal and state authorities the wages earned by Plaintiff and class members, and therefore under-paying state and federal taxes, employer matching funds, unemployment premiums, social security, Medicare and workers' compensation premiums.

66.     Pursuant to California Business and Professions Code Section 17203, Plaintiff requests restitution of all wages wrongfully retained by AT&T in violation of Business and Professions Code sections 17000, *et seq.* and 17200, *et seq.*

## X.     PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

- 12 -

**COMPLAINT**

EXHIBIT A

1.   For an order certifying this action as a class action;

2.   For an award of all unpaid minimum wages pursuant to Labor Code § 1194.2;

3.   For an award of liquidated damages pursuant to Labor Code § 1194.2;

4.   For an award of waiting time penalties pursuant to Labor Code § 203;

5.   For an award of damages and injunctive relief pursuant to Labor Code § 226;

6.   For pre-judgment interest to the extent permitted by law;

7.   For attorney's fees and costs pursuant California law, including but not limited to, California law Labor Code § 1194;

8.   For an injunction against Defendants' unlawful business practices;

9.   For an order to pay restitution to Plaintiffs and the class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200;

10.   For an order declaring Defendants' uncompensated work time practices to be unlawful and requiring Defendants to cease and desist from such unlawful activities in violation of California Business and Professions Code § 17200;

11.   For an award of penalties pursuant to the provisions of the PAGA, to be apportioned as required by the PAGA, for each labor code violation alleged herein;

12.   For such other and further relief as the Court may deem proper.

Dated: May 30, 2012

RIGHETTI GLUGOSKI, P.C.

By: _____
       Matthew Righetti
       Attorneys for Plaintiff and the proposed class of others similarly situated

- 13 -

**COMPLAINT**

EXHIBIT A

**EXHIBIT B**

EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 01 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Rugena Juliano

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

AT&T MOBILITY SERVICES, INC., and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ANDREW J. PRIZLER, individually and on behalf of all others
similarly situated, Plaintiff,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: <br> (El nombre y dirección de la corte es:) Stanley Mosk Courthouse <br> 111 N. Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:** <br> (Número del Caso:) <br> BC485863 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Matthew Righetti, Righetti Glugoski, P.C. 456 Montgomery Street, #1400, SF, CA 94104, 415-983-0900

| | | | |
|---|---|---|---|
| DATE: May 24, 2012 <br> (Fecha) | John Clarke Clerk <br> (Secretario) | Rugena Juliano | , Deputy <br> (Adjunto) |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [✓] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify): AT&T MOBILITY SERVICES, INC.

4. [ ] by personal delivery on (date):

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov <br> www.accesslaw.com |

EXHIBIT B



**EXHIBIT C**

EXHIBIT C

Matthew Righetti (SBN 121012)
John Glugoski (SBN 191551)
Michael Righetti (SBN 258541)
**RIGHETTI · GLUGOSKI**
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel. (415) 983-0900
Fax. (415) 397-9005

Attorneys for Plaintiff

Received

JUN 08 2012

Filing Window

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 08 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Raul Sanchez

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

ANDREW J. PRIZLER, individually and on
behalf of all others similarly situated,

       Plaintiffs,

vs.

AT&T MOBILITY SERVICES, INC., and
DOES 1-50, inclusive,

       Defendants.

Case No.:  BC485863

**AMENDMENT TO COMPLAINT**

**[CCP § 474]**

      Plaintiff was ignorant of one defendant's name, stated that fact in the complaint, and designated the defendant by a fictitious name.  That defendant's true name has now been discovered and plaintiff hereby amends the complaint as follows:

AMENDMENT TO COMPLAINT
[CCP § 474]

EXHIBIT C

EXHIBIT C

| TRUE NAME | FICTITIOUS NAME |
|-----------|-----------------|
| AT&T MOBILITY SERVICES, LLC | DOE #1 |

Dated:  June 7, 2012

RIGHETTI · GLUGOSKI

Matthew Righetti
Attorneys for Plaintiff

2

AMENDMENT TO COMPLAINT
[CCP § 474]

EXHIBIT C