1  MATTHEW RIGHETTI State Bar No. 121012
   JOHN GLUGOSKI State Bar No. 191551
2  MICHAEL RIGHETTI State Bar No. 258541
   RIGHETTI GLUGOSKI, P.C.
3  456 Montgomery Street, Suite 1400
   San Francisco, CA 94101
4  Telephone: (415) 983-0900 / Facsimile: (415) 397-9005
   Email:    matt@righettilaw.com
5
   Attorneys for Plaintiff,
6  ANDREW J. PRIZLER

FILED
CLERK U.S. DISTRICT COURT

SEP 18 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ANDREW J. PRIZLER, individually and on behalf of all others similarly situated, ) | CASE NO.: 2:12-cv-06016-SVW-RZ |
| 12                              Plaintiffs, ) | |
| 13  vs. ) | Judge:   Hon. Stephen V. Wilson |
| 14  AT&T MOBILITY SERVICES, INC., and ) DOES 1 through 50 inclusive, ) | [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT |
| 16                              Defendants. ) | |
| 17 ) | |
| 18 ) | Date:   September 15, 2014 Time:   1:30 p.m. |
| 19 ) | Courtroom: 6, Second Floor |

On September 15, 2014, a hearing was held on the Plaintiff's motion for final approval of the class settlement (the "Settlement") and Plaintiff's motion for the Class Representative Payment and the Class Counsel Fees and Expenses Payment. Matthew Righetti of Righetti • Glugoski, P.C., appeared for plaintiff. Michael D. Mandel of McGguireWoods, LLP appeared for Defendant.

The parties have submitted their Settlement, which this Court preliminarily approved by its order entered on March 6, 2014 (Dkt. 21) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given adequate notice of the terms of the Settlement and have been afforded the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, the evidence and argument received by the Court both in connection with the Preliminary Approval hearing and at the final approval hearing on September 15, 2014, and the objections lodged by two Class Members the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.     Pursuant to the Preliminary Approval Order, a Notice of Proposed Class Action Settlement, Claim Form, and Request for Exclusion Form (collectively "Notice Packet") were sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

2.     In addition, a case website was established at www.prizlersettlement.com where class members could obtain information about the Settlement, submit online claims, and download copies of the Notice and other case-related documents.

3.     A toll-free telephone number was established that class members could call and listen to Frequently Asked Questions, request that the Notice Packet be mailed to

1    them, or request to speak to a live operator.  English and Spanish speaking operators were

2    available Monday through Friday between the hours of 7:00 a.m. and 5:00 p.m. Pacific

3    Time.

4        4.      Lastly, on May 23, 2014, a Reminder Postcard was printed and mailed to the

5    3,002 class members who had yet to respond to the Notice Packet

6        5.      The Court finds and determines that the foregoing notice procedure afforded

7    adequate protections to Class Members and provides the basis for the Court to make an

8    informed decision regarding approval of the Settlement based on the responses of Class

9    Members.  The Court finds and determines that the notice provided in this case was the

10   best notice practicable, which satisfied the requirements of law and due process.

11       6.      Two Class Members filed written objections to the Settlement as part of this

12   notice period or stated an intention to appear at the final approval hearing.  The court has

13   considered the two objections.  Based upon the information provided in connection with

14   the motion, the motion for preliminary approval and at the hearing in this matter the

15   Court overrules the objections of Previn Hollingsworth and Justin Bradley.

16             (a)      Mr. Hollingsworth objected to "the settlement amount being

17   offered."  However, the Court finds and determines that the terms of the Settlement,

18   including the settlement amount, are fair, reasonable and adequate.

19             (b)      Mr. Bradley, through counsel, objected to the settlement on the

20   basis that the release encompassed by the settlement is overbroad and covers claims that

21   were never asserted or litigated in this case and, therefore, the settlement being proposed

22   here is not fair, adequate, or reasonable.  However, having reviewed the allegations of the

23   Complaint, Mr. Bradley's objection and stated basis for his other claims, and the

24   Settlement Agreement and proposed release, the Court finds that the release is narrowly

25   tailored and properly encompasses only claims that are related to the allegations of the

26   Complaint, even if the particular theory or type of relief was not specifically pleaded.

27   *See Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1287 (9th Cir. 1992)

28

ORDER GRANTING FINAL APPROVAL OF
SETTLEMENT

7.     The Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8.     The Court finds and determines that the Settlement Shares to be paid to the 2,616 Class Members who submitted valid claims, as provided for by the Settlement are fair and reasonable.  The Court hereby gives final approval to and orders the payment of those amounts be made to the 2,616 Class Members who submitted valid claims in accordance with the Settlement.

9.     The Court finds and determines that payment to the California Labor and Workforce Development Agency of $7,500 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate.  The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Amount in accordance with the Settlement.

10.     The Court finds and determines that the Class Representative Payment of $10,000 to plaintiff Andrew Prizler is fair and reasonable.  The Court hereby gives final approval to and orders this amount be paid out of the Settlement Amount in accordance with the Settlement.

11.     The Court finds and determines that the Class Counsel Expenses Payment of $15,000 is fair and reasonable.  The Court hereby gives final approval to and orders that amount be paid out of the Settlement Amount.

12.     The Court finds and determines that the Class Counsel Fees Payment of 1,250,000 is fair and reasonable.  The Court hereby gives final approval to and orders that amount be paid out of the Settlement Amount.

ORDER GRANTING FINAL APPROVAL OF
SETTLEMENT

13.    Nothing in this order shall preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Defendant pay the Settlement Payment in accordance with the Settlement.

14.    Upon completion of administration of the Settlement, the parties will provide written certification of such completion to the Court and Class Counsel.

15.    Pursuant to the Settlement, Plaintiff and all Class Members who did not timely submit valid elections not to participate, are permanently barred from prosecuting against Defendant of the claims released by them under the Settlement.

16.    Neither this Order nor the Settlement Agreement constitutes an admission or concession by any of the released parties of any fault, omission, liability or wrongdoing. This order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendant.  The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, Defendant, or the Class Members.

17.    The parties are hereby ordered to comply with the terms of the Settlement.

18.    The parties will bear their own costs and attorneys' fees except as otherwise provided by this order.

19.    The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Preliminary Approval Order, and this order.

20.    This Court hereby dismisses this action with prejudice as to Plaintiff and all Class Members who did not timely submit valid elections not to participate.  In the event that the Settlement Agreement does not become effective in accordance with its terms, then this Order and Judgment shall be vacated, and all orders entered in connection with the Settlement Agreement shall become null and void and of no further force and effect.

21.    Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.


IT IS SO ORDERED.


Dated:  September 15, 2014.

Stephen V. Wilson
United States District Judge

ORDER GRANTING FINAL APPROVAL OF
SETTLEMENT